UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEANNA J. KINDER, et al.                    CASE NO.  1:11cv712

        Plaintiffs,                    Judge Michael R. Barrett

v.

CITY OF MYRTLE BEACH, et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court upon Defendant City of Myrtle Beach's Renewed Motion to Dismiss (Doc. 26), Plaintiffs Deanna Kinder and Anthony Kinder's ("Plaintiffs") response in opposition (Doc. 29), and Defendant's reply (Doc. 32).

**I.**     **BACKGROUND**

This is a diversity action wherein Plaintiff Deanna Kinder, a resident of Ohio, brings this action based on injuries she allegedly sustained during her stay in the City of Myrtle Beach in the fall of 2009. (Doc. 1, ¶¶ 1, 10). According to Ms. Kinder, she slipped and fell in a pothole in or near an alleged city-owned parking lot on October 10, 2009. (Doc. 1, ¶¶ 10-12).

In its Motion to Dismiss, Defendant argues that this Court lacks personal jurisdiction over Defendant because jurisdiction does not exist in Ohio for an injury occurring on property in a foreign state and that Plaintiffs' claims are barred by the applicable statute of limitations. (Doc. 26).

**II.    ANALYSIS**

**A.  Standard of Review**

The plaintiff bears the burden of proving personal jurisdiction exists over an out-of-state defendant.  *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262063 (6th Cir. 1996)); *see also Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).  In the face of a supported motion to dismiss, the plaintiff may not rest on her pleadings, but must, by affidavit or otherwise, set forth specific evidence supporting jurisdiction.  *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).  However, when a court considers a motion to dismiss pursuant to Rule 12(b)(2) without an evidentiary hearing, the plaintiff "'need only make a prima facie showing of jurisdiction.'"  *Beydoun*, 768 F.3d at 504 (citing *CompuServe*, 89 F.3d at 1262).  The court must construe the facts in the light most favorable to the nonmoving party.  *Beydoun*, 768 F.3d at 504 (citing *Neogen Corp.*, 282 F.3d at 887).

**B.  Personal Jurisdiction**

The Sixth Circuit has established a two-step inquiry to determine whether a federal district court sitting in a diversity-of-citizenship case can exercise personal jurisdiction over a defendant: (1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause.  *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citing *Int'l Techs. Consultants v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997)); *CompuServe*, 89 F.3d at 1262.

**1.  Ohio law**

The Sixth Circuit has explained that there are two kinds of personal jurisdiction: general

jurisdiction and specific jurisdiction. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.,* 91 F.3d 790, 793 (6th Cir. 1996) ("Jurisdiction may be found to exist either generally, in cases in which a defendant's 'continuous and systematic' conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state . . . or specifically, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum."). Plaintiff argues that both general and specific jurisdiction exist in this case.

There has been some debate as to whether Ohio courts recognize general jurisdiction. *See Indus Trade & Technology, LLC v. Stone Mart Corp.*, No. 2:11-cv-637, 2011 U.S. Dist. LEXIS 144668, at *6-8 n. 1 (S.D. Ohio Dec. 14, 2011) (describing split on whether general personal jurisdiction is available under Ohio law). Recently, the Sixth Circuit has stated that "under Ohio law, a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute." *Conn v. Zakharov*, 667 F.3d 705, 718 (6th Cir. 2012); *see also Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 F. App'x 427, 429 (6th Cir. 2014) (same as *Conn*). Accordingly, this Court will analyze only whether specific jurisdiction exists over Defendant. *See Stone v. Twiddy & Company of Duck, Inc.*, No. 1:10-cv-591, 2012 U.S. Dist. LEXIS 104738, at *7 (S.D. Ohio July 27, 2012).

To determine whether specific jurisdiction exists, the Court looks to Ohio's long-arm statute, Ohio Rev. Code § 2307.382(A). Under that statute, "a court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's . . . [t]ransacting any business in this state." Ohio Rev. Code § 2307.382(A)(1).[1]

The Sixth Circuit recently has explained:

---

[1] Plaintiff argues specific jurisdiction under only Ohio Rev. Code § 2307.382(A)(1). (Doc. 29, PageId 261-62).

> While the Ohio courts interpret the "transacting business" prong broadly to "permit jurisdiction over nonresident defendants who are transacting any business in Ohio," *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc*., 53 Ohio St.3d 73, 559 N.E.2d 477, 480 (1990), the Ohio long-arm statute requires a "proximate cause" relationship between the defendant's act and the plaintiff's cause of action. *Brunner v. Hampson*, 441 F.3d 457, 465-66 (6th Cir. 2006). A mere "but-for" connection is insufficient. *Id*. As a result, we have determined that the Ohio long-arm statute's "arising from" prong has less reach than the Due Process Clause, and, thus, due process need not be considered. *Id*.

*Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 F. App'x 427, 429 (6th Cir. 2014).

After Defendant's initial Motion to Dismiss (Doc. 11), the Court granted Plaintiffs leave to conduct discovery on the issue of *in personam* jurisdiction, which has included interrogatories, document requests, a Rule 30(b)(6) deposition of the City's public information officer, Mark Kruea, and enforcement of a subpoena *duces tecum* upon the Myrtle Beach Area Chamber of Commerce. Plaintiffs claim that discovery revealed that Defendant spends hundreds of thousands of dollars each year in this state to advertise and promote itself to individuals and businesses throughout Ohio. Discovery has shown that the Defendant does pay sums of money to the local chamber of commerce to advertise the city as a tourist destination throughout the country. Defendant also collects taxes and usage fees from individuals who are out-of-state residents, who also own property or operate businesses in the city, including some Ohio residents. Defendant occasionally buys goods and services from businesses outside the city and has engaged a Columbus, Ohio public relations firm. (Doc. 26, PageId 159; Doc. 29, PageId 252).

The cases from within the Sixth Circuit show that Ohio's long-arm statute does not reach this type of activity in this type of case. *See, e.g., Cruz v. Kentucky Action Park, Inc.,* 950 F. Supp. 210 (N.D. Ohio 1996). In *Cruz*, the Ohio plaintiff alleged an injury at the Kentucky defendant's amusement park ride. *Id*. at 212. The plaintiff alleged that the defendant solicited

Page **4** of **8**

business in Ohio by distributing tourist information to local hotels and travel agencies. *Id.* at 213. Concluding that "mere solicitation" of business by advertising was insufficient to establish minimum contacts under Ohio law, the court determined that it lacked personal jurisdiction over the Kentucky defendant. *Id.* at 213-214. Thus, *Cruz* properly stands for the proposition that a premises owner does not subject himself to Ohio's personal jurisdiction for a premises liability action in another state, even when that defendant advertises to potential visitors in Ohio. In *Stone v. Twiddy & Co. of Duck, Inc.*, No. 1:10cv591, 2012 U.S. Dist. LEXIS 104738, at *10-12 (S.D. Ohio July 27, 2012), this Court similarly determined that maintenance of a website advertising short-term rentals out-of-state did not create jurisdiction in Ohio. Likewise, in *Brunner v. Hampson*, 441 F.3d 457, 464-67 (6th Cir. 2006), the Sixth Circuit held that a Canadian company's advertising and solicitations in Ohio were insufficient to establish personal jurisdiction for claims based on allegations of personal injuries that occurred while Ohio residents were in Canada.

Accordingly, the Court finds that it lacks personal jurisdiction over Defendant in this action.

### 2. Due Process

Where a plaintiff cannot show jurisdiction under the Ohio long-arm statute, a due process analysis is unnecessary. *Conn*, 667 F.3d at 711-12 (citing *Brunner*, 441 F.3d at 457); *see also Franklin Publ'ns, Inc. v. General Nutrition Corp.*, No. 2:05-cv-1061, 2007 U.S. Dist. LEXIS 63001, at *20 (S.D. Ohio Aug. 27, 2007) (declining to analyze whether personal jurisdiction comports with due process when the Ohio long-arm statute is not satisfied). Given the above conclusions, the Court need not reach this issue.

If, however, Plaintiff had established jurisdiction under the Ohio long-arm statute, the jurisdiction also would have to comport with due process. *Conn*, 667 F.3d at 711 (citing *CompuServe*, 89 F.3d at 1262); *see also Fraley v. Estate of Oeding*, 138 Ohio St. 3d 250, 257 (2014) ("[E]ven satisfaction of the long-arm statute does not justify the exercise of jurisdiction unless that exercise also comports with the defendant's constitutional right to due process."). To comport with due process in a diversity case, the defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

The Sixth Circuit has established a three-part test to determine whether personal jurisdiction under Ohio's long arm statute meets the due process requirements. *U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, No. C-3-06-371, 2007 U.S. Dist. LEXIS 23076, at *25 (S.D. Ohio Mar. 29, 2007) (citing *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 430 (6th Cir. 2006); *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968)). "First, the defendant must purposely avail himself of the privilege of acting in Ohio or causing a consequence in Ohio." *U.S. Diamond & Gold*, 2007 U.S. Dist. LEXIS 23076, at *25. "Second, the cause of action must arise from the defendant's activities in Ohio." *Id*. "Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with Ohio to make the exercise of jurisdiction over the defendant reasonable." *Id*.

Here, the Court finds that personal jurisdiction over the City does not comport with the Due Process Clause. As explained previously, Defendant was not transacting business in Ohio by advertising or soliciting business in Ohio. *See also Kopas v. MTR Gaming Group*, No. 2013-

P-0053, 2014-Ohio-1157, ¶ 15 (Ohio Ct. App. Mar. 24, 2014) (holding that mere solicitation of business was not sufficient to show that the defendant was "transacting business" in Ohio) (citing *U.S. Sprint Comm'ns Co. Ltd. Partnership v. Mr. K's Foods, Inc.*, 68 Ohio St. 3d 181, 185 (1994)).  Yet, even if there was purposeful availment through advertising or solicitation in Ohio, an alleged slip-and-fall by Plaintiff on a property owned by the City in the State of South Carolina does not arise out of or have any substantial connection to such activity in Ohio.  Therefore, the Defendant would not have reasonably anticipated being haled into court in Ohio. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

### C. Transfer

Pursuant to 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Further, pursuant to 28 U.S.C. § 1631, the court upon a finding of want or jurisdiction "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed . . . ."  In a diversity action, such as the present case, venue is appropriate in "any judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(b)(3).

Given the above conclusions and because transfer is the interests of justice, this Court shall transfer this matter to the United States District Court for the District of South Carolina.[2]

### III. CONCLUSION

---

[2] Given the disposition of the case, the Court will not address the statute of limitations issue raised by the City. *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x. 468, 471 (6th Cir. 2012)  (citing relevant caselaw, and stating that upon finding a lack of personal jurisdiction over the defendants, "the district court erred in proceeding any further by ruling that Plaintiffs' claims were time-barred on statute of limitations grounds and dismissing their complaint with prejudice").

Consistent with the foregoing, Defendant's Renewed Motion to Dismiss (Doc. 26) is **GRANTED IN PART** due to lack of personal jurisdiction over Defendant, but this action shall be and is hereby **TRANSFERRED** to the District of South Carolina.

    **IT IS SO ORDERED**.

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT
